69 F.3d 541
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 SANYO MANUFACTURING CORPORATION, Appellee,
v.
INTERNATIONAL UNION ELECTRONIC, Electrical, Tech, Salaried &
Machine Workers; Local 1106 International Union Electronic,
Electrical, Tech, Salaried & Machine Workers; Fannie Ford,
as representative of all members of Local 1106,
International Union of Electronic, Electrical, Salaried
Machine and Furniture Workers, AFL-CIO, and the bargaining
unit members that it represents; Delois Cottrell, as
representative of all members of Local 1106, International
Union of Electronic, Electrical, Salaried, Machine and
Furniture Workers, AFL-CIO, and the bargaining unit members
that it represents; Thresia Hamilton, as representative of
all members of Local 1106, International Union of
Electronic, Electrical, Salaried, Machine and Furniture
Workers, AFL-CIO, and the bargaining unit members that it
represents; Mary V. Dedner, as representative of all
members of Local 1106, International Union of Electronic,
Electrical, Salaried, Machine and Furniture Workers,
AFL-CIO, and the bargaining unit members that it represents;
Barbara Carter, as representative of all members of Local
1106, International Union of Electronic, Electrical,
Salaried, Machine and Furniture Workers, AFL-CIO, and the
bargaining unit members that it represents, Appellees,
Eithel Laird, Appellant,
Bill Poole; Melvin Jones, Objectors.
 
 No. 95-1688.
 United States Court of Appeals, Eighth Circuit.
 Nov. 3, 1995.
Submitted Oct. 31, 1995.
Filed Nov. 3, 1995.
 Appeal from the United States District Court for the Eastern District of Arkansas.
 Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Eithel Laird appeals from the district court's[1] order approving a settlement agreement entered into between Sanyo Manufacturing Corporation (Sanyo) and several of its unions. We dismiss for lack of standing to appeal.
 
 
 2
 Sanyo and its unions submitted to arbitration a dispute regarding a collective bargaining agreement. Following the arbitrator's decision, Sanyo filed suit in district court to set it aside, arguing that the arbitrator exceeded his authority; the unions counterclaimed to enforce the arbitrator's award. After conducting extensive negotiations, the parties entered into a settlement agreement. Sanyo amended its complaint to assert a class action under Fed.R.Civ.P. 23.2, and the parties jointly moved for court approval of the settlement agreement.
 
 
 3
 After a hearing before a magistrate,[2] at which Laird and other class members had an opportunity to object to the settlement, the district court approved the settlement agreement. Laird filed a notice of appeal.
 
 
 4
 We agree with the unions that Laird lacks standing to appeal because he did not first move to intervene in the district court. See Croyden Assocs. v. Alleco, Inc., 969 F.2d 675, 679-80 (8th Cir.1992), cert. denied, 113 S.Ct. 1251 (1993). We do not find Laird's attempt to distinguish Croyden persuasive. In Croyden, as here, the unnamed class member could not have opted out of the class. Id. at 680. Although this action involves a class action certified under Rule 23.2 and the Croyden class was certified under Rule 23(b)(1), this is a distinction without a difference. See, e.g., Fed.R.Civ.P. 23.2 (district court may "make appropriate orders corresponding with those described in Rule 23(d)," and must comply with dismissal and compromise procedures provided in Rule 23(e)). While we noted in Croyden that intervention was particularly appropriate when only one class member was challenging the adequacy of the settlement, Croyden, 969 F.2d at 680, that conclusion was not dispositive.
 
 
 5
 Accordingly, we dismiss the appeal for lack of standing. Laird's attempt to seek intervention on appeal is untimely. See United Airlines, Inc. v. McDonald, 432 U.S. 385, 395-96 (1977) (intervention must be filed in district court within time period in which named parties could have taken an appeal).
 
 
 
 [1]
 The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas